CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 19 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOUGLAS CARDOZA, )<br>Petitioner, )<br>)<br>v. )<br>)<br>CAROL WALLACE, )<br>Respondent. ) | | Civil Action No. 7:09-cv-000507<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

John Douglas Cardoza, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel and his conviction violated due process. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismiss the petition as untimely filed.

I.

Petitioner reveals the following facts in his petition, exhibits, and response to the court's conditional filing order. On May 4, 2006, the Circuit Court for the County of Campbell entered petitioner's convictions for drug charges following petitioner's guilty plea. The Supreme Court of Virginia concluded its direct review of petitioner's direct appeal on March 5, 2008, following petitioner's appeal of the Court of Appeals' opinion and order that petitioner did not timely file his notice of appeal with the trial court.

Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on June 20, 2008. (Pet. 52.) On November 17, 2008, the Supreme Court of Virginia dismissed petitioner's state habeas petition after finding that petitioner did not timely file it. Petitioner avers that he executed his federal habeas petition on December 5, 2009, the earliest he could have deposited the petition in the institutional mailing system. See Houston v. Lack, 487 U.S. 266 (1988) (stating prisoner's habeas petition is filed when delivered to prison officials for

mailing).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in June 2008, when the time for petitioner to file a petition for a writ of certiorari to

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

the Supreme Court of the United States expired. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). Petitioner filed his state habeas petition with the Supreme Court of Virginia in June 2008, but that court held that the petition was not timely filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (finding that an improperly filed state habeas petition does not trigger tolling under § 2244(d)(2)). Therefore, petitioner's untimely filed state habeas petition does not toll the time for him to file his federal habeas within one year from June 2008, and petitioner filed his untimely federal petition in December 2009.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because of the allegedly ineffective assistance of counsel who did not file a direct appeal of his convictions. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Petitioner does not meet this standard because petitioner delayed in filing his state habeas petition regardless of any alleged ineffective assistance of counsel to file a notice of direct appeal within thirty days of his criminal convictions. Moreover, petitioner admits that he failed to follow state court orders to sign proper forms, have them notarized, and pay the filing fee, which resulted in the loss of more time and further review of his claims. (Resp. 5 ¶ 1.) Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition

must be dismissed.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 19th day of January, 2010.

Senior United States District Judge